UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT and SHANNON RANEY,

Plaintiffs,

v.

GREEN TREE SERVICING LLC,

Defendant.

C14-1937 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion for partial summary judgment, docket no. 28, is DENIED in part and DEFERRED in part, as follows:

    (a) Defendant's motion for summary judgment as to plaintiffs' first, second, and fourth claims for breach of contract, breach of the covenant of good faith and fair dealing, and outrage or intentional infliction of emotional distress, respectively, and as to plaintiffs' claim for emotional distress damages, is DENIED. The Court is satisfied that genuine disputes of material fact exist, and/or that defendant is not entitled to judgment as a matter of law, as to such claims.

    (b) Defendant's motion for summary judgment as to plaintiffs' third claim for negligence and as to plaintiffs' prayer for credit-related damages is DEFERRED pending further briefing as set forth below.

(2) Plaintiffs' motion for partial summary judgment, docket no. 25, which relates to their first claim for breach of contract and to the first four elements (*i.e.*, unfair or deceptive act or practice, trade or commerce, public interest, and injury to business or property) of their fifth claim for violation of Washington's Consumer Protection Act ("CPA") is DEFERRED pending further briefing as set forth below.

MINUTE ORDER - 1

(3) By February 22, 2017, the parties shall file supplemental briefs, not to exceed eighteen (18) pages in length, on the following topics:

(a) Plaintiffs have asked the Court to take judicial notice of a Stipulated Order for Permanent Injunction and Monetary Judgment entered in *Fed. Trade Comm'n v. Green Tree Servicing LLC*, Case No. 15-cv-2064 (D. Minn. Apr. 23, 2015) [hereinafter, "FTC Order"]. Defendant objected on three grounds: (i) the request for judicial notice was untimely; (ii) the request was improperly filed or noted; and (iii) the FTC Order contains adjudicative facts of which the Court may not take judicial notice. Defendant's first contention lacks merit; the FTC Order was also attached to the declaration of plaintiffs' counsel that accompanied plaintiffs' motion for partial summary judgment. Defendant's third argument relies on a false premise; the FTC Order did not make factual findings,[1] but rather imposed monetary penalties and future requirements on defendant. *See* Ex. 6 to Vondra Decl. (docket no. 27-6). The Court is satisfied that defendant's second objection is adequately addressed by allowing further briefing by both parties, which should discuss, at a minimum (i) whether the FTC Order is entitled to full faith and credit, (ii) whether the steps taken after entry of the FTC Order to foreclose on the Deed of Trust at issue violated the FTC Order, (iii) if so, how such conduct relates to plaintiffs' claims in this matter, and (iv) whether defendant is estopped by the FTC Order from denying that the loan modification agreement executed by plaintiffs in December 2013 was effective and binding on defendant when it began servicing the loan in January 2014.

(b) The Deed of Trust at issue listed Abacus Mortgage, Inc. ("Abacus") as the lender and Flagstar Bank, FSB ("Flagstar") as the trustee. *See* Ex. 2 to Raney Decl. (docket no. 26-2). When Abacus transferred beneficial interest in the Deed of Trust to Flagstar in July 2013, *see* Recording No. 201307170389 (http://www.snoco.org/RecordedDocuments/RealEstate/SearchEntry.aspx), Flagstar became both the trustee and the beneficiary, seemingly in violation of RCW 61.24.020. Although Flagstar transferred beneficial interest in the Deed of Trust to defendant in May 2014, *see* Ex. 4 to Vondra Decl. (docket no. 27-4),[2] the appointment of Quality Loan Service Corporation of Washington ("QLS Corp.") as successor trustee was not recorded in Snohomish County until March 2015. *See* Ex. 1 to Stip. Mot. (docket no. 15). Thus, Flagstar appears to have been the

---

[1] Indeed, the FTC Order explicitly indicated that defendant neither admitted nor denied the allegations in the operative complaint, except as necessary to establish jurisdiction.

[2] Defendant contends that Federal Home Loan Mortgage Corporation ("Freddie Mac") owned the loan in January 2014, and that defendant obtained the right to service the loan from Freddie Mac, not Flagstar. Christensen Decl. at 7 (docket no. 31). To the extent defendant is asserting that, for some period of time, Freddie Mac held the promissory note, while Flagstar was the beneficiary of the Deed of Trust, defendant is describing an arrangement that runs contrary to the Washington Supreme Court's decision in *Bain v. Metro. Mortg. Group, Inc.*, 175 Wn.2d 83, 285 P.3d 34 (2012).

MINUTE ORDER - 2

trustee for the Deed of Trust from its execution in March 2007 until QLS Corp.'s substitution in March 2015. *See* RCW 61.24.010(2) ("Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee."). The parties shall address the effect, if any, of Flagstar's approximately 10-month-long dual position as trustee and beneficiary on (i) the validity of the Deed of Trust at issue, (ii) defendant's interests in the Deed of Trust, (iii) the enforceability of the loan modification agreement executed by plaintiffs in December 2013, and (iv) plaintiffs' claims in this action.

   (c)   Plaintiffs seek partial summary judgment as to their breach of contract claim, specifically asking for a ruling that the loan modification agreement they executed in December 2013 was binding on defendant when it began servicing the loan in January 2014, and citing *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878 (9th Cir. 2013), and *Steadman v. Green Tree Servicing, LLC*, 2015 WL 2085565 (W.D. Wash. May 5, 2015). *Corvello*, however, merely reversed the grant of a Rule 12(b)(6) motion, and *Steadman* denied in relevant part defendant's motion for summary judgment. The parties shall address (i) whether, in light of the procedural posture of *Corvello* and *Steadman*, as well as *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224 (1st Cir. 2013), and *Wigod v. Wells Fargo Bank, N.A.*, 763 F.3d 547 (7th Cir. 2012), such authorities can be used as support for summary judgment in favor of plaintiffs, (ii) what law governs in this matter as to the question of contract formation, and (iii) whether such question is reserved for the trier of fact; *see Keystone Land & Dev. Co. v. Xerox Corp.*, 152 Wn.2d 171, 178 n.10, 94 P.3d 945 (2004) ("Whether there was mutual assent is normally a question of fact for the jury.").

   (4)   By 9:00 a.m. on February 23, 2017, the parties shall provide copies of their supplemental briefs, along with a copy of this Minute Order, to Judge Bruce W. Hilyer (Ret.) in connection with the mediation scheduled for February 27, 2017. The pending cross-motions for partial summary judgment, docket nos. 25 and 28, are RENOTED to March 3, 2017. If the parties reach a settlement, they shall immediately, and no later than 4:00 p.m. on March 3, 2017, notify Karen Dews by telephone at (206) 370-8830.

   (5)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

   Dated this 9th day of February, 2017.

                                       William M. McCool
                                       Clerk

                                       s/Karen Dews
                                       Deputy Clerk

MINUTE ORDER - 3